Enrique RIVERA–YESCAS and Maria Eugenia Obregon de Rivera, husband and wife, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. CV–93–574–TUC–WDB.

United States District Court, D. Arizona.

March 13, 1995.

William J. Risner, Law Offices of William J. Risner, Tucson, AZ, for plaintiffs.

Cindy Kelly Jorgenson, U.S. Atty., Tucson, AZ, Eric M. Casper, U.S. Dept. of Justice, Tax Div., Washington, DC, for defendant.

## ORDER

WILLIAM D. BROWNING, District Judge.

Pending before the Court is Defendant's June 30, 1994 Motion for Partial Summary Judgment. The Court will deny the Motion.

### I. *Facts and the Parties' Positions.*

This is a wrongful levy action brought pursuant to 26 U.S.C. § 7426. Plaintiffs claim that certain real property, including a house, located in Tucson, Arizona, belongs to them and was improperly seized and levied upon by Defendant, the United States. The United States contends that the true owners of the property are not Plaintiffs, but instead, are Jamie Javier Figueroa–Sota and Maria Elena De Figueroa. *See* Joint Report, January 18, 1994. The United States asserts that the property was properly seized to partially satisfy outstanding tax liabilities owed by Jamie Javier Figueroa–Sota, Plaintiff Enrique Rivera–Yescas's ("Mr. Rivera") brother-in-law. *See* Statement of Facts in Support of United States' Motion for Partial Summary Judgment, ¶ 1.

### A. *Defendant's Motion.*

The United States argues that Plaintiffs invested only $60,000 out of the $349,500 purchase price of the house in question and, therefore, Plaintiff owns no more than a 17.16738% interest in the house. The rest of the purchase price $289,500 (82.83262%) was supplied by Mr. Rivera's parents (the "Parents") who are not parties to the action. According to the United States, because the Parents are now precluded from bringing an action by the statute of limitations, the United States is entitled to the Parents' interest in the house as a matter of law.

### B. *Plaintiff's Response.*

Plaintiffs assert that they claim the entire interest in the house and the United States is attempting to "rewrite Plaintiff's Complaint." They argue that the Parents could not bring a wrongful levy action because such actions

are limited to third parties "who have a fee simple or equivalent interest, a possessory interest, or security interest in the property levied upon" and the Parents fall into none of these categories. Plaintiffs have produced the deed to the property which shows that it is titled only in their name. They argue that any *express* oral agreement to have them hold an interest in trust for their Parents is invalid as a matter of law, although it is possible that a *constructive* trust might be imposed in the future. According to Plaintiffs, they are the sole owners of the property "subject only, to whatever claims may be made in the future" by Mr. Rivera's Parents.

## II. *Analysis.*

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party need only identify those parts of the record that demonstrate the absence of a genuine issue of material fact. *Musick v. Burke,* 913 F.2d 1390, 1394 (9th Cir.1990).

A party opposing summary judgment, however, may not rest on his or her pleadings. Fed.R.Civ.P. 56(e). Instead, that party must set forth "by affidavit or as otherwise provided by [Rule 56] ... specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *see also Musick,* 913 F.2d at 1394. When judging the evidence at the summary judgment stage, the Court is required to draw all inferences in the light most favorable to the non-moving party and is not to make credibility determinations or weigh conflicting evidence. *Musick,* 913 F.2d at 1394.

Here, the Court finds that Plaintiffs have met their burden. Mr. Rivera's belief that ownership of the house was "in proportion" to the initial investments made by him and his Parents supports the United States' position that the Parents own 83% of the property. Plaintiffs, however, have produced the deed to the property arguably showing that they, in fact, presently are the sole owners of the property and that any interest the Par-

ents may have is contingent only. Indeed, in a case such as this, where a parent pays a portion of the purchase price for property held in the name of a child, the presumption is that the money paid was a gift and that no resulting trust arises in favor of the parent. *See* Restatement of Trusts (Second) § 442 & cmt. b, § 443 (1959).

This evidence demonstrates a factual dispute as to what interest Plaintiffs have in the property vis-a-vis to Mr. Rivera's Parents. Summary judgment, therefore, is not proper. *See* Fed.R.Civ.P. 56; *Musick,* 913 F.2d at 1394.

THEREFORE IT IS **ORDERED** that Defendant's June 30, 1994 Motion for Partial Summary Judgment is **DENIED.**